UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DERRICK M. ANDERSON,

                                      Plaintiff,

                                                                                 DECISION AND ORDER

                                                                                 01-CV-6536L

                                      v.

SUPT. JOHN BEAVER, et al.,

                                       Defendants.
_____

**INTRODUCTION**

Plaintiff Derrick Anderson, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services, alleges that defendants violated his rights under the Eighth and Fourteenth Amendment by improperly confining him for 60 days in the Special Housing Unit ("SHU") at the Orleans Correctional Facility ("Orleans") without cause, and then failed to correct the error when he brought the violation to their attention. Plaintiff, who was transferred from Riverview Correctional Facility ("Riverview") to Orleans, claims that he completed concurrent SHU sentences at Riverview and had been released back to population. Plaintiff alleges that when he arrived at Orleans, however, defendants mistakenly determined that he had 60 outstanding SHU days left to serve and housed him accordingly.

Defendants initially moved for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c), arguing that, assuming plaintiff's allegations were true, no constitutional violation occurred. Because resolution of that issue required analysis of the two-part test set forth in *Sandin v. Conner*, 515 U.S. 472 (1995), as well as reference to evidence outside the pleadings, I denied defendants' motion. I ruled that the issue should be addressed in the context of a motion for summary judgment. *Anderson v. Beaver*, No. 01-CV-6536L, 2004 WL 2026457, *2 (W.D.N.Y. Sept. 9, 2004).

Defendants have now moved for summary judgment (Dkt. #41) pursuant to FED. R. CIV. P. 56. Plaintiff has cross-moved for summary judgment (Dkt. #45).

**DISCUSSION**

**I. Summary Judgment: General Principles**

Rule 56(c) of the Federal Rules of Civil Procedure provides that a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(e) further provides that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**II. Due Process Claim Under *Sandin***

Plaintiff alleges that he was improperly housed in SHU confinement for 60 days without cause or a hearing, and that his confinement occurred under conditions that were atypical and severe. It is well-settled that to claim a violation of due process rights, an inmate must establish interference with a protected liberty interest by satisfying a two-part test: (1) the confinement or restraint must create an atypical and significant hardship, and (2) the state must have granted a liberty interest by statute or regulation to be free from that confinement or restraint. *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir.1996) (citing *Sandin*, 515 U.S. at 484).

The pertinent question here is whether the first element of the test is satisfied.[1] Defendants argue that they are entitled to summary judgment because prison disciplinary records showed that, when plaintiff arrived at Orleans, he had not yet completed all SHU time imposed at Riverview, as the result of disciplinary hearings held in January 2001. Defendants also argue that plaintiff makes no allegations that his due process rights were violated in connection with those disciplinary hearings. Finally, as in their previous motion, defendants argue that, as a matter of law, 60 days in SHU in a New York State correctional facility does not constitute an atypical or significant hardship sufficient to create a protected liberty interest that warrants due process protection. (Dkt. #41).

As I previously ruled, to determine whether plaintiff's due process rights have been violated, the duration of the confinement is not the only relevant factor. "The conditions of confinement are a distinct and equally important consideration in determining whether a confinement in SHU rises

---

[1] New York state law "create[s] a liberty interest in not being confined to the SHU." *Welch v. Bartlett*, 196 F.3d 389, 394 n.4 (2d Cir.1999). Defendants appear to agree that segregated confinement implicates a liberty interest where the confinement "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." (*See* Dkt. #41-3, at p.5).

to the level of 'atypical and severe hardship' . . . ." *Ortiz v. McBride*, 323 F.3d 191, 195 (2d Cir.2003); *see also Colon v. Howard*, 215 F.3d 227, 231 (2d Cir.2000).

Although there are no bright-line rules for this inquiry, the Second Circuit has advised district courts that SHU confinements of fewer than 101 days, like the one at issue here, "could constitute atypical and significant hardships if the conditions were more severe than the normal SHU conditions . . . or a more fully developed record showed that even relatively brief confinements under normal SHU conditions were, in fact, atypical." *Palmer v. Richards*, 364 F.3d 60, 66 (2d Cir.2004); *Sealey v. Giltner*, 197 F.3d 578, 586 (2d Cir.1999).

There is no admissible evidence before the Court that the conditions of plaintiff's confinement were more severe that the normal SHU conditions or atypical. In his opposition to defendants' motion, plaintiff failed to submit any admissible evidence regarding the nature of the conditions of his confinement. This is fatal to his claim. The record is devoid of evidence that the conditions of his confinement created an atypical and significant hardship.

Importantly, in the Court's prior decision, I warned plaintiff that "[i]f defendants chose to file a motion for summary judgment, . . . his response to that motion *must be in affidavit form, sworn to under oath, and should set forth his allegations regarding the conditions of his confinement.*" *Anderson*, 2004 WL 2026457, at *2, n.4 (emphasis added). Plaintiff again was given notice of the requirements of Rule 56, and the consequences for failing to respond properly to a motion for summary judgment, in the Court's form notice to *pro se* inmates (Dkt. #44), and the Court's scheduling order (Dkt. #43).[2] *See Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d

---

[2] Although notices sent to plaintiff initially were returned undeliverable, the docket sheet reflects that this was corrected on October 24, 2005, when notices were resent to plaintiff under
(continued...)

- 4 -

Cir.2001); *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir.1999); *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir.1996).

Plaintiff has not heeded these warnings. Plaintiff's opposition contains, verbatim, the same allegations regarding the conditions of confinement that he made in his prior unsworn opposition to defendants' first motion. Although the Court considered these unsworn allegations in opposition to defendants' first motion, the procedural landscape has changed.[3] The Court, therefore, cannot consider these allegations in opposition to summary judgment because they are not set forth in affidavit form and are not sworn to under oath. *See* FED. R. CIV. P. 56(e).

The only evidence before the Court regarding the conditions of plaintiff's confinement, then, are those set forth in plaintiff's complaint. These allegations, however, state nothing other than the "normal" conditions of SHU confinement. *See Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) ("To be sure, with respect to 'normal' SHU confinement, we have held that a 101-day confinement does not meet the *Sandin* standard of atypicality.").

Plaintiff alleges in his complaint that during his SHU confinement at Orleans, he was denied visits by his family, his use of the telephone was restricted, he was housed in a double bunk with another inmate without any "partition for minimum privacy or standards of living decency when

---

[2](...continued)
a corrected inmate number. *See* Docket remark entered Oct. 24, 2005.

[3] Plaintiff's opposition to defendants' first motion alleged that while in SHU he was provided inadequate amounts of toilet paper, toothpaste, soap, and cleaning materials, that his mattress was filthy, that he was given only a thin blanket and his cell was inadequately heated, that his recreation time was limited to one hour a day, and that he was subjected to short, cold showers and infrequent changes of clothing. (Dkt. #30, p.2). Plaintiff's opposition at that time also was not presented to the Court in admissible form. In light of his *pro se* status, however, and the fact that defendants had not shown entitlement to judgment on the pleadings, I considered these unsworn allegations at that time.

showering or using the toilet . . . ." He also claimed that he did not get along with his cell mate and lived in "constant fear of danger and insecurity." (Dkt. #1, Statement of Claim, ¶5). Defendants correctly point out that such allegations, if proven, would not amount to a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981) (housing two inmates in one cell is not prohibited by the Eighth and Fourteenth Amendments); *Carter v. Carriero*, 905 F.Supp. 99, 103-104 (W.D.N.Y.1995); *see also Flemings v. Kinney*, No. 02 Civ. 9989, 2004 WL 1672448 (S.D.N.Y. Jul 27, 2004).

Plaintiff's allegations show conditions of confinement that are normal and typical of those imposed by New York prison regulations. *See* 7 N.Y. COMP.CODES R. & REGS. §§ 301.1-301.7. For example, SHU inmates are entitled to only one nonlegal visit per week. 7 N.Y. COMP.CODES R. & REGS. § 302.2(i)(1)(i). Telephone calls are permitted only for an emergency or legal reason. *Id.* § 302.2(i)(2). Personal belongings are restricted. *Id.* § 302.2. One hour of outdoor exercise is permitted *Id.* § 304.3. SHU inmates are entitled to a minimum of two showers a week. *Id.* § 304.5.

Where there are disputes about the conditions of confinement, summary judgment normally is not appropriate. *See Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir.1998). "[B]ut where the conditions are undisputed, the *Sandin* issue should be resolved by the court as a matter of law." *Palmer*, 364 F.3d at 65.

Therefore, even if plaintiff's 60-day SHU confinement at Orleans was a mistake, because the hearing officer had ordered that plaintiff be released from SHU on February 9, 2001, plaintiff's claim would still fail to meet the requirements of *Sandin*. Plaintiff still must show that the *conditions* of his confinement amounted to "an atypical and significant hardship." He has failed to

do so through any competent proof.  Summary judgment, therefore, is granted on plaintiff's due process claim.

For many of the same reasons, plaintiff has failed to raise a genuine issue of fact regarding his Eighth Amendment claim. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991) ("Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth or exercise-for example, a low cell temperature at night combined with a failure to issue blankets.").

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #41) is GRANTED.  Plaintiff's motion for summary judgment (Dkt. #45) is DENIED.  Plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 11, 2006.